UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-CR-234 (WMW)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRANDON MARK BJERKNES,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Brandon Mark Bjerknes (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges.** The Defendant agrees to plead guilty to Counts 1 and 2 of the Information charging him with the following: (1) Coercion and Enticement, in violation of 18 U.S.C. §§ 2422(b) and 2427; and (2) Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e).

2.   **Factual Basis**. Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

Background on Defendant's scheme

    a. From at least as early as 2014, and continuing through on or about March 20, 2017, in the State and District of Minnesota, Defendant

SCANNED
SEP 28 2017
U.S. DISTRICT COURT ST. PAUL

engaged in a scheme using various social media applications, including Facebook and Snapchat, to solicit images and videos constituting child pornography from minor females, engage in sexually explicit conversations with minor females, and distribute sexually explicit images and videos to minor females and males. Defendant posed as a 13-15 year old male named "Brett Larson." Defendant created a "Brett Larson" Facebook page and two Snapchat accounts under the names "brettlarson69" and "Brettlarson6969." Defendant used decoy photographs of a known juvenile boy, who lives in the United States, in his "Brett Larson" social media accounts. Defendant represented that "Brett Larson" lived in Duluth, Minnesota, and attended Morgan Park School in Duluth, Minnesota.

b. Defendant used the "Brett Larson" social media accounts to contact minor females and males in middle school and high school. A majority of the minor females and males that Defendant contacted resided in the State and District of Minnesota, including in Bemidji, Minnesota. Defendant also contacted minors outside of the State and District of Minnesota. In total, Defendant contacted at least 55 minor females and males via the "Brett Larson" social media accounts. All minor females and males are known and actual minors, and are not law enforcement agents acting in an undercover capacity. The minor females and males are hereinafter referred to as MINOR #1 through MINOR #55.

c. As part of his scheme, Defendant used the "Brett Larson" decoy social media accounts to engage in written, sexually explicit conversations with minor females. Defendant's written chats graphically described sexual acts that he wanted to perform with the minor females and described how Defendant was sexually aroused by the minor females.

d. As part of his scheme, Defendant used the "Brett Larson" decoy social media accounts to direct minor females to send him naked photographs of their specific body parts, including their genitalia, and photographs or videos of the minor females engaged in specific sexual acts or poses. Defendant then directed the minor females to send the photographs or videos of themselves to him via Facebook or Snapchat, which they did. In total, Defendant obtained multiple photographs and videos constituting child pornography from six different minor females: MINOR #1, MINOR #2, MINOR #3, MINOR #4, MINOR #5, and MINOR #6. Defendant admits and agrees that these images and videos constitute child pornography as defined in 18 U.S.C. § 2256(8).

e. With respect to MINOR #1, MINOR #2, and MINOR #3, Defendant used one of his iPhones to create videos of himself using his second iPhone to view sexually explicit photographs and videos sent to him by the minor females on the Snapchat application. Defendant used the second iPhone to create a permanent record of and to preserve the sexually explicit photographs and videos that he received from MINOR #1, MINOR #2, MINOR #3. Defendant admits and agrees that his iPhones were manufactured outside the state of Minnesota and, therefore, traveled in interstate and foreign commerce.

f. As part of his scheme, Defendant also sent sexually explicit photographs and videos to minor females and males. Specifically, Defendant sent photographs of his own genitalia, and photographs and videos containing adult pornography. On more than one occasion, Defendant distributed the sexually explicit photographs that he directed MINOR #4 to take of herself and send to Defendant, to MINOR #7, a minor male, via Facebook.

g. At all times relevant to Defendant's scheme and to Counts 1 and 2, Defendant was employed as the Assistant Principal of Bemidji Middle School in Bemidji, Minnesota. Due to his role as Assistant Principal and his previous employment positions with Bemidji Area Schools, Defendant personally knew many of the minor victims that he contacted via the "Brett Larson" social media accounts. For example, Defendant participated in meetings at Bemidji Middle School regarding MINOR #1.

Count 1

h. Defendant began communicating over the internet, a facility of interstate and foreign commerce, with MINOR #1, in September 2016. Defendant contacted MINOR #1 on Facebook via his "Brett Larson" profile. MINOR #1 was born in March 2003 and Defendant knew she was 13 years old at the time he was communicating with her. MINOR #1 told Defendant how old she was. Defendant also knew she was under the age of 18 because of the information he learned about her in his role as Assistant Principal. In written Facebook conversations, "Brett Larson" and MINOR #1 played a game of truth or dare, and "Brett Larson" dared MINOR #1 to send photographs, which were sexual in nature, of her various body parts. At Defendant's prompting, MINOR #1 sent "Brett Larson" multiple

3

photographs of herself via the Facebook Instant Messenger Application. "Brett Larson" also dared Minor #1 to watch a "porno clip," which he sent to her via the Snapchat Application. On or about September 5, 2016, Defendant agrees that, using the internet, he knowingly persuaded, induced, and enticed MINOR #1 to engage in sexual activity for which a person can be charged with a criminal offense, namely the production of child pornography. That is, Defendant agrees that, using the internet, he caused MINOR #1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct. MINOR #1 sent Defendant a video of herself engaging in sexually explicit conduct via Snapchat. Defendant further acknowledges that he used one of his iPhones to record himself using his second iPhone to view and play the video that MINOR #1 sent him via Snapchat. The video bears the file name 35008109-040D-4E64-BDC8-6B4CC1763713.m4v.

Count 2

i. Defendant admits and agrees that on or about March 12, 2017, in the State and District of Minnesota, he used, persuaded, and enticed a known minor, MINOR #2, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which Defendant knew would be transmitted to him using a means and facility of and in and affecting interstate and foreign commerce, including by cellular telephone and via the internet. Specifically, Defendant admits and agrees that he used, employed, persuaded, induced, and enticed MINOR #2 to produce the following visual depiction of MINOR #2 engaging in sexually explicit conduct: IMG_6330.MOV. Defendant admits and agrees that this visual depiction constitutes child pornography, as defined in 18 U.S.C. § 2256(8). Likewise, Defendant admits and agrees that he used, persuaded, and enticed MINOR #2 to transmit the visual depictions of child pornography to him using a cellular telephone over the internet. Defendant further acknowledges that he used one of his iPhones to record himself using his second iPhone to view the image that MINOR #2 sent him via Snapchat.

j. Finally, Defendant agrees that the cellular telephones he used to communicate with the minor victims, as well as to create child pornography were manufactured outside the state of Minnesota.

Additional Offenses

 k. Defendant stipulates that pursuant to U.S.S.G. §1B1.2(c) his conduct with respect to MINOR #3, MINOR #4, MINOR #5, and MINOR #6 shall be treated as if he was convicted of four additional counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e).

3. **Statutory Penalties.** The parties agree that the following statutory penalties apply to **Count 1**:

 a. a maximum term of life in prison;
 b. a mandatory minimum term of ten (10) years in prison;
 c. a supervised release term of at least five (5) years up to a maximum supervised release term of life;
 d. a criminal fine of up to $250,000.00;
 e. a mandatory special assessment of $100.00;
 f. payment of $5,000.00 to the Domestic Trafficking Victims' Fund; and
 g. payment of mandatory restitution in an amount to be determined by the Court.

The parties agree that the following statutory penalties apply to **Count 2**:

 a. a maximum term of thirty (30) years in prison;
 b. a mandatory minimum term of fifteen (15) years in prison;
 c. a supervised release term of at least five (5) years up to a maximum supervised release term of life;
 d. a criminal fine of up to $250,000.00;
 e. a mandatory special assessment of $100.00;
 f. payment of $5,000.00 to the Domestic Trafficking Victims' Fund; and
 g. payment of mandatory restitution in an amount to be determined by the Court.

4. **Waiver of Indictment.** Defendant understands and acknowledges that he has the right to have a Grand Jury consider the charges against him and to determine whether an Indictment is appropriate. Defendant hereby waives in open court prosecution by Indictment and consents that the proceeding may be by Information instead of by Indictment.

5. **Waiver of Pretrial Motions**. Defendant understands and agrees that he has the right to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

6. **Revocation of Supervised Release**. Defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Guideline Calculations**. Defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. § 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a. <u>Calculating the Adjusted Offense Level</u>.

<u>Count 1</u> – The parties stipulate that the following Guideline calculations are applicable with respect to Count 1:

    i. <u>Base Offense Level</u>. Section 2G1.3(a)(3) typically determines the applicable Guidelines range for convictions under 18 U.S.C. § 2422(b). *See* U.S.S.G. §2G1.3(a)(3). Section 2G1.3 applies a "Cross Reference" to U.S.S.G. §2G2.1 when the offense "involved causing . . . or seeking a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." The parties agree that the Cross

6

    Reference applies here and that U.S.S.G. §2G2.1 determines the appropriate offense conduct. The base offense level is <u>32</u>.

  ii. <u>Specific Offense Characteristics</u>. The parties agree that <u>2</u> levels are added because the offense involved a minor who had attained the age of twelve years, but not attained the age of sixteen years. (U.S.S.G. §2G2.1(b)(1)(B).)  The parties agree that <u>2</u> levels are added because the offense involved the commission of a sexual act or sexual touching. (U.S.S.G. §2G2.1(b)(2)(A).)  The parties agree that an additional <u>2</u> levels are added because the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct. (U.S.S.G. §2G2.1(b)(6).)

  iii. <u>Chapter Three Enhancements</u>. The parties agree <u>2</u> levels are added because the Defendant abused a position of trust. (U.S.S.G. §3B1.3.)

The total adjusted offense level for Count 1 is <u>40</u>.

<u>Count 2</u> – The parties stipulate that the following Guideline calculations are applicable with respect to Count 2:

  i. <u>Base Offense Level</u>. The parties agree that the base offense level for Production of Child Pornography is <u>32</u>. (U.S.S.G. §2G2.1(a).)

  ii. <u>Specific Offense Characteristics</u>. The parties agree that <u>2</u> levels are added because the offense involved a minor who had attained the age of twelve years, but not attained the age of sixteen years. (U.S.S.G. §2G2.1(b)(1)(B).)  The parties agree that <u>2</u> levels are added because the offense involved the commission of a sexual act or sexual touching. (U.S.S.G. §2G2.1(b)(2)(A).)  The parties agree that an additional <u>2</u> levels are added because the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct. (U.S.S.G. §2G2.1(b)(6).)

The total adjusted offense level for Count 2 is <u>38</u>.

Combined Offense Level – The parties agree that the offense involved the exploitation of more than one minor, and Chapter Three, Part D applies. Pursuant to U.S.S.G. §1B1.2(c), the four stipulated additional offenses of production of child pornography involving MINOR #3, MINOR #4, MINOR #5, and MINOR #6 are treated as distinct groups under U.S.S.G. §3D1.4(a). The total adjusted offense level for each of the four stipulated additional offenses is 36. The greater of the adjusted offense levels is 40 (Count 1). Pursuant to U.S.S.G. §3D1.4, there are a total of six units (Count 1, Count 2, and four stipulated additional offenses), which results in a five-level increase to the greater of the adjusted offense levels (40 + 5). Accordingly, the parties agree that the combined offense level is <u>45</u>.

    b. <u>Repeat and Dangerous Sex Offender</u>. Because Defendant's instant offenses of conviction are a covered sex crime, and because Defendant engaged in a pattern of activity involving prohibited sexual conduct, the parties agree that <u>5</u> levels are added under U.S.S.G. §4B1.5(b)(1). This results in an adjusted offense level of <u>50</u>.

    c. <u>Acceptance of Responsibility and Other Chapter Three Adjustments</u>. The parties agree that if Defendant (1) provides full, complete, and truthful disclosures to the United States Probation and Pretrial Services Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; and (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the Government agrees to recommend that Defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b). This three-level reduction results in an adjusted offense level of <u>47</u>. However, U.S.S.G. Chapter 5, Part A, Application Note 2 provides that an offense level of more than 43 is to be treated as an offense level of 43. Therefore, the parties agree that Defendant's final adjusted offense level is <u>43</u>.

   d. <u>Criminal History Category</u>. Based on information available at this time, the parties believe that the defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. If it is determined that Defendant's criminal history is more than I, that will not be a basis to withdraw from the plea agreement.

   e. <u>Advisory Guideline Range</u>. If Defendant's final adjusted offense level is <u>43</u>, and his criminal history category is I, then the resulting advisory Guideline range is life in prison. The parties understand that the Court will make the final determination of both the final adjusted offense level and criminal history category at the sentencing hearing.

   f. <u>Fine Range</u>. If the adjusted offense level is 43, the fine range is $25,000 to $250,000. (U.S.S.G. § 5E1.2).

   g. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least five (5) years up to a life term if a term of imprisonment of more than one year is imposed. (U.S.S.G. §§ 5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3582 (k)).

   j. <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range. Defendant specifically reserves the right to ask for a sentence below the applicable advisory Guideline range. Defendant understands, however, that the mandatory minimum sentence in this case is fifteen (15) years in prison.

8. **State Court Sentence.** The Government agrees that it will not oppose any request that the Defendant's sentence in this matter run concurrent with any sentence that he is ordered to serve for the related criminal charges for engaging in electronic communication relating to or describing sexual conduct with a child or solicitation of a child in Beltrami County, Minnesota.

9. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

10. **Forfeiture.** Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Sections 2253(a) and 2428:

   a. Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including, but not limited to:

   i. One white Apple iPhone 6S, FCC ID BCG-E2946A;

    ii. One black Apple iPhone 6S, FCC ID BCG-E2946A; and

    iii. One 27-inch Apple iMac, serial number QPO32ODpDNP.

Defendant agrees that this property is subject to forfeiture because the items were used to commit the violations charged in the Information. The United States reserves the right to seek the forfeiture of additional property on which contraband child pornography is located.

  11. **Restitution.** Defendant understands and agrees that 18 U.S.C. § 2259 and the Mandatory Victim Restitution Act, 18 U.S.C. §3663A, apply and that the Court is required to order Defendant to make restitution to the victims of his crimes. There is no agreement with regard to the amount of restitution. Defendant understands and agrees that the Court may order him to make restitution to any victim of his crime, regardless of whether the victims are named in the Information.

  12. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which Defendant is convicted. U.S.S.G. § 5E1.3. Defendant agrees to pay the $200.00 special assessment at the time of sentencing.

13. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations, or understandings.

Date: 9/28/17

GREGORY G. BROOKER
Acting United States Attorney

BY: Angela M. Munoz-Kaphing
Assistant U.S. Attorney

Date: 9/28/17

Brandon Mark Bjerknes
Defendant

Date: 9-28-17

Peter B. Wold
Counsel for Defendant