UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON MARK BJERKNESS,<br><br>Defendant. | CR. NO.: 17-234 (WMW)<br><br>**POSITION OF DEFENDANT BRANDON BJERKNESS WITH RESPECT TO SENTENCING** |

Defendant, Brandon Mark Bjerkness, by and through his attorney, submits this position pleading in support of a fair sentence that reflects the seriousness of his conviction in relation to others sentenced in similar cases. As to the guideline calculations of the Presentence Report (PSR), Mr. Bjerkness adopts the findings of the PSR. Mr. Bjerkness submits that the 3553(a) factors support a variance below the guideline sentence.

**I.    The 18 U.S.C. § 3553(A) Factors In This Case Warrant A Downward Sentence Variance.**

In accordance with 18 U.S.C. § 3553 (B), U.S.S.G. § 5K2.0, Gall v. United States, 552 U.S. 38 (2007), and the factors set forth in 18 U.S.C. § 3553(a), Mr. Bjerkness respectfully requests a sentence of fifteen years. Given the § 3553(a) factors at play in this case a significant variance from the suggested guideline sentence is warranted.

**A.      The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense as well as to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant do not exclude a variance.**

Among the statutory factors set forth at 18 U.S.C. § 3553(A) that the Court is to consider in imposing a sentence is the need "to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant." Mr. Bjerkness's convictions provide substantial deterrence that he will never reoffend. Upon release, Mr. Bjerkness will register as a predatory offender under both federal law and Minnesota state law. The strict registration obligations and criminal penalties for violation of registration requirements will clearly serve as a lifelong deterrent.

The humiliation Mr. Bjerkness has experienced and will continue to experience is an added deterrence. Because of Mr. Bjerkness's position in the Bemidji School District his case has been reported on by both local and state wide media. His crime has brought great shame on him and his family. Mr. Bjerkness does not want his family to be put through the public humiliation they have experienced ever again. A fifteen year sentence and a lifetime of supervision and registration send a strong message to the public, while at the same time recognizes that we all have the potential for rehabilitation.

**B.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct supports a variance from the guideline sentence.**

Section 3553(a) requires this Court to avoid unwarranted sentence disparities among similarly situated defendants. While no two cases are the same, the following cases provide some context for determining Mr. Bjerkness's sentence. For example, in

2

United States v. Patrick Dowling, 14-cr-294 (RHK/JJK), the defendant pleaded guilty to one count of production/attempted production of child pornography and received a 210 month sentence. There, the defendant produced the child pornography while he cared for his step-daughter. In United States v. Anthony Edge, 14-cr-201 (MJD/TNL), the defendant, a recidivist offender, received a 300-month sentence for production of child pornography. In United States v. Sean Penoncello, 15-cr-120 (PJS/LIB), the defendant was found guilty after trial of production and possession of child pornography and received a 400 month sentence. Similarly, in United States v. Roxanne Merrell, 14-cr-358 (DSD/JJK), the defendant was also found guilty at trial of producing child pornography and received a 240 month sentence. More recently in United States v. Jeremy Mount, 16-cr-237 (SRN/BRT), the defendant who had a history of child pornography production/possession and showed little remorse received a 262 month sentence. And finally, in United States v. Joshua Baeten, 14-cr-319 (JNE), the defendant, a recidivist offender, received a 200 month sentence following a plea to coercion and enticement for his attempts to have the victim perform sexual acts for him via a web cam.

    Mr. Bjerkness is different from these men. He is not a recidivist offender. He had no physical contact with any of the victims. He immediately accepted responsibility for his actions when he was arrested. He spared the victims further harm that a trial can cause by entering into plea agreement that includes a sentencing guideline calculations of a life sentence. Since his plea he participates in counseling and is working hard to understand why he did what he did. A 180 month sentence will be in line with similarly-situated defendants, but will also account for the fact that Mr. Bjerkness did not have

3

physical contact with his victims, took immediate responsibility, and is working at rehabilitation.

### C. The nature and circumstances of the offense weigh in favor of a reduced sentence.

This is a horrible crime. Mr. Bjerkness betrayed trust. He hurt innocent children. While the fact that he never touched a child in an inappropriate manner does not excuse what he has done, Section 3553(a) requires this Court to consider that fact. The nature of Mr. Bjerkness contact with the victims must be considered and punished accordingly. In that context Mr. Bjerkness's actions do not warrant a life sentence. The Court should also consider Mr. Bjerkness's actions since his arrest. When law enforcement arrived at his home on March 20, 2017, he confessed his wrongs. From that date forward he took responsibility for what he has done. His confession, his decision not to go to trial even in the face of sentencing guidelines calculating a life sentence, weigh in favor of a reduced sentence.

### D. The history and characteristics of Mr. Reichel's life support a reduced sentence.

The PSR provides a thorough description of Mr. Bjerkness's personal background and upbringing. A few points deserve emphasis. Until the time of the current offense, with the exception of a DWI in college Mr. Bjerkness has been a law-abiding citizen. His lack of criminal history weighs in favor of a shorter sentence because the likelihood that he will be successfully rehabilitated is greater than that of a defendant with serious prior convictions. Mr. Bjerkness is an educated person who has worked hard throughout his

life. While Mr. Bjerkeness's career working with children is over (importantly there has been no indication of any inappropriate interactions with children prior to this incident), his work history shows that he will gain and maintain employment upon his release. With the help of counseling, Mr. Bjerkness has begun to work through his mental illness, fully accepting responsibility and is now taking the appropriate steps to avoid re-offending.

This results of this process can be seen in Mr. Bjerkness's acceptance of responsibility statement. There he acknowledges the seriousness of his crimes and displays insight into his actions that will aid his rehabilitation.

> I understand how serious my crime is and how much I have hurt the victims, their families, school and the entire community. There is not a day that passes where I do not think about my deplorable actions. I fully expect steep consequences for my actions. Even after my sentence, I will continue with treatment to ensure I am healthy. I will strive to once again have a positive impact on this world and work to earn back the trust that has disappeared.

(PSR at pp. 11-12). Prior to sentencing Mr. Bjerkness will again express his deep remorse to the victims and the Court. Mr. Bjerkness has gained great insight during the past few months as he has undergone counseling and has gained a better understanding of how he ended up in this position. By actively participating in therapy Mr. Bjerkness has come to understand how his conduct has impacted his friends, his family, the school, and most importantly, his victims. He understands there is no easy fix for what he did. But, he is committed to a lifelong process of understanding what he did and preventing himself from ever letting it happen again. It is Mr. Bjerkness's intention to continue with

5

counseling and any other programs that are available to him during and after his incarceration.

The danger that Mr. Bjerkness will ever be before this Court again is extremely low given the combination of a reasonable sentence and supervision. A 180 month sentence will punish him appropriately. And for the remainder of his life he will never escape the simple fact that he is a sex offender. Nearly every day for the rest of his life he will be reminded. Whether that reminder comes from external factors like registration or supervision, or from internal factors, he will not forget what he did. When he stands before this Court for sentencing we ask this Court to consider the § 3553(a) factors, vary from guidelines, and sentence him justly.

Respectfully submitted,

**WOLD MORRISON LAW**

Dated: January 2, 2018.

s/ Peter B. Wold
Peter B. Wold, ID #118382
247 Third Avenue South
Minneapolis, MN  55415
Telephone: 612.341.2525
Facsimile:  612.341.0116