UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-CR-234 (WMW)

**RECEIVED**
**BY MAIL**
FEB 11 2019
**CLERK, U.S. DISTRICT COURT**
**ST. PAUL, MN**

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRANDON MARK BJERKNES,

Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and Brandon Mark Bjerknes (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Counts 1 and 2 of the Information charging him with the following: (1) Coercion and Enticement, in violation of 18 U.S.C. §§ 2422(b) and 2427; and (2) Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e).

2. **Factual Basis.** Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

Background on Defendant's scheme

    a. From at least as early as 2014, and continuing through on or about March 20, 2017, in the State and District of Minnesota, Defendant

SCANNED
FEB 11 2019
U.S. DISTRICT COURT ST. PAUL

SCANNED
SEP 28 2017
U.S. DISTRICT COURT ST. PAUL

Exhibit #1: pg 1 of 12

27

engaged in a scheme using various social media applications, including Facebook and Snapchat, to solicit images and videos constituting child pornography from minor females, engage in sexually explicit conversations with minor females, and distribute sexually explicit images and videos to minor females and males. Defendant posed as a 13-15 year old male named "Brett Larson." Defendant created a "Brett Larson" Facebook page and two Snapchat accounts under the names "brettlarson69" and "Brettlarson6969." Defendant used decoy photographs of a known juvenile boy, who lives in the United States, in his "Brett Larson" social media accounts. Defendant represented that "Brett Larson" lived in Duluth, Minnesota, and attended Morgan Park School in Duluth, Minnesota.

b.  Defendant used the "Brett Larson" social media accounts to contact minor females and males in middle school and high school.  A majority of the minor females and males that Defendant contacted resided in the State and District of Minnesota, including in Bemidji, Minnesota. Defendant also contacted minors outside of the State and District of Minnesota. In total, Defendant contacted at least 55 minor females and males via the "Brett Larson" social media accounts. All minor females and males are known and actual minors, and are not law enforcement agents acting in an undercover capacity. The minor females and males are hereinafter referred to as MINOR #1 through MINOR #55.

c.  As part of his scheme, Defendant used the "Brett Larson" decoy social media accounts to engage in written, sexually explicit conversations with minor females. Defendant's written chats graphically described sexual acts that he wanted to perform with the minor females and described how Defendant was sexually aroused by the minor females.

d.  As part of his scheme, Defendant used the "Brett Larson" decoy social media accounts to direct minor females to send him naked photographs of their specific body parts, including their genitalia, and photographs or videos of the minor females engaged in specific sexual acts or poses. Defendant then directed the minor females to send the photographs or videos of themselves to him via Facebook or Snapchat, which they did. In total, Defendant obtained multiple photographs and videos constituting child pornography from six different minor females: MINOR #1, MINOR #2, MINOR #3, MINOR #4, MINOR #5, and MINOR #6. Defendant admits and agrees that these images and videos constitute child pornography as defined in 18 U.S.C. § 2256(8).



Exhibit #1: pg 2 of 12

28

e. With respect to MINOR #1, MINOR #2, and MINOR #3, Defendant used one of his iPhones to create videos of himself using his second iPhone to view sexually explicit photographs and videos sent to him by the minor females on the Snapchat application. Defendant used the second iPhone to create a permanent record of and to preserve the sexually explicit photographs and videos that he received from MINOR #1, MINOR #2, MINOR #3. Defendant admits and agrees that his iPhones were manufactured outside the state of Minnesota and, therefore, traveled in interstate and foreign commerce.

f. As part of his scheme, Defendant also sent sexually explicit photographs and videos to minor females and males. Specifically, Defendant sent photographs of his own genitalia, and photographs and videos containing adult pornography. On more than one occasion, Defendant distributed the sexually explicit photographs that he directed MINOR #4 to take of herself and send to Defendant, to MINOR #7, a minor male, via Facebook.

g. At all times relevant to Defendant's scheme and to Counts 1 and 2, Defendant was employed as the Assistant Principal of Bemidji Middle School in Bemidji, Minnesota. Due to his role as Assistant Principal and his previous employment positions with Bemidji Area Schools, Defendant personally knew many of the minor victims that he contacted via the "Brett Larson" social media accounts. For example, Defendant participated in meetings at Bemidji Middle School regarding MINOR #1.

Count 1

h. Defendant began communicating over the internet, a facility of interstate and foreign commerce, with MINOR #1, in September 2016. Defendant contacted MINOR #1 on Facebook via his "Brett Larson" profile. MINOR #1 was born in March 2003 and Defendant knew she was 13 years old at the time he was communicating with her. MINOR #1 told Defendant how old she was. Defendant also knew she was under the age of 18 because of the information he learned about her in his role as Assistant Principal. In written Facebook conversations, "Brett Larson" and MINOR #1 played a game of truth or dare, and "Brett Larson" dared MINOR #1 to send photographs, which were sexual in nature, of her various body parts. At Defendant's prompting, MINOR #1 sent "Brett Larson" multiple



Exhibit # 1: pg 3 of 12

29

photographs of herself via the Facebook Instant Messenger Application. "Brett Larson" also dared Minor #1 to watch a "porno clip," which he sent to her via the Snapchat Application. On or about September 5, 2016, Defendant agrees that, using the internet, he knowingly persuaded, induced, and enticed MINOR #1 to engage in sexual activity for which a person can be charged with a criminal offense, namely the production of child pornography. That is, Defendant agrees that, using the internet, he caused MINOR #1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct. MINOR #1 sent Defendant a video of herself engaging in sexually explicit conduct via Snapchat. Defendant further acknowledges that he used one of his iPhones to record himself using his second iPhone to view and play the video that MINOR #1 sent him via Snapchat. The video bears the file name 35008109-040D-4E64-BDC8-6B4CC1763713.m4v.

## Count 2

i.  Defendant admits and agrees that on or about March 12, 2017, in the State and District of Minnesota, he used, persuaded, and enticed a known minor, MINOR #2, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which Defendant knew would be transmitted to him using a means and facility of and in and affecting interstate and foreign commerce, including by cellular telephone and via the internet. Specifically, Defendant admits and agrees that he used, employed, persuaded, induced, and enticed MINOR #2 to produce the following visual depiction of MINOR #2 engaging in sexually explicit conduct: IMG_6330.MOV. Defendant admits and agrees that this visual depiction constitutes child pornography, as defined in 18 U.S.C. § 2256(8). Likewise, Defendant admits and agrees that he used, persuaded, and enticed MINOR #2 to transmit the visual depictions of child pornography to him using a cellular telephone over the internet. Defendant further acknowledges that he used one of his iPhones to record himself using his second iPhone to view the image that MINOR #2 sent him via Snapchat.

j.  Finally, Defendant agrees that the cellular telephones he used to communicate with the minor victims, as well as to create child pornography were manufactured outside the state of Minnesota.



Exhibit # 1 pg 4 of 12

2a

<u>Additional Offenses</u>

    k.   Defendant stipulates that pursuant to U.S.S.G. §1B1.2(c) his conduct with respect to MINOR #3, MINOR #4, MINOR #5, and MINOR #6 shall be treated as if he was convicted of four additional counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e).

3.    **Statutory Penalties.** The parties agree that the following statutory penalties apply to **Count 1**:

    a.   a maximum term of life in prison;
    b.   a mandatory minimum term of ten (10) years in prison;
    c.   a supervised release term of at least five (5) years up to a maximum supervised release term of life;
    d.   a criminal fine of up to $250,000.00;
    e.   a mandatory special assessment of $100.00;
    f.   payment of $5,000.00 to the Domestic Trafficking Victims' Fund; and
    g.   payment of mandatory restitution in an amount to be determined by the Court.

The parties agree that the following statutory penalties apply to **Count 2**:

    a.   a maximum term of thirty (30) years in prison;
    b.   a mandatory minimum term of fifteen (15) years in prison;
    c.   a supervised release term of at least five (5) years up to a maximum supervised release term of life;
    d.   a criminal fine of up to $250,000.00;
    e.   a mandatory special assessment of $100.00;
    f.   payment of $5,000.00 to the Domestic Trafficking Victims' Fund; and
    g.   payment of mandatory restitution in an amount to be determined by the Court.

4.    **Waiver of Indictment.** Defendant understands and acknowledges that he has the right to have a Grand Jury consider the charges against him and to determine whether an Indictment is appropriate. Defendant hereby waives in open court prosecution by Indictment and consents that the proceeding may be by Information instead of by Indictment.



Exhibit #1: pg 5 of 12

31

5.   **Waiver of Pretrial Motions.** Defendant understands and agrees that he has the right to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

6.   **Revocation of Supervised Release.** Defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7.   **Guideline Calculations.** Defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. § 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

a.   Calculating the Adjusted Offense Level.

Count 1 – The parties stipulate that the following Guideline calculations are applicable with respect to Count 1:

        i.   Base Offense Level. Section 2G1.3(a)(3) typically determines the applicable Guidelines range for convictions under 18 U.S.C. § 2422(b). *See* U.S.S.G. §2G1.3(a)(3). Section 2G1.3 applies a "Cross Reference" to U.S.S.G. §2G2.1 when the offense "involved causing . . . or seeking a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." The parties agree that the Cross

6



Exhibit #1: pg 6 of 12

32

Reference applies here and that U.S.S.G. §2G2.1 determines the appropriate offense conduct. The base offense level is <u>32</u>.

ii. <u>Specific Offense Characteristics</u>. The parties agree that <u>2</u> levels are added because the offense involved a minor who had attained the age of twelve years, but not attained the age of sixteen years. (U.S.S.G. §2G2.1(b)(1)(B).) The parties agree that <u>2</u> levels are added because the offense involved the commission of a sexual act or sexual touching. (U.S.S.G. §2G2.1(b)(2)(A).) The parties agree that an additional <u>2</u> levels are added because the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct. (U.S.S.G. §2G2.1(b)(6).)

iii. <u>Chapter Three Enhancements</u>. The parties agree <u>2</u> levels are added because the Defendant abused a position of trust. (U.S.S.G. §3B1.3.)

The total adjusted offense level for Count 1 is <u>40</u>.

<u>Count 2</u> – The parties stipulate that the following Guideline calculations are applicable with respect to Count 2:

i. <u>Base Offense Level</u>. The parties agree that the base offense level for Production of Child Pornography is <u>32</u>. (U.S.S.G. §2G2.1(a).)

ii. <u>Specific Offense Characteristics</u>. The parties agree that <u>2</u> levels are added because the offense involved a minor who had attained the age of twelve years, but not attained the age of sixteen years. (U.S.S.G. §2G2.1(b)(1)(B).) The parties agree that <u>2</u> levels are added because the offense involved the commission of a sexual act or sexual touching. (U.S.S.G. §2G2.1(b)(2)(A).) The parties agree that an additional <u>2</u> levels are added because the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct. (U.S.S.G. §2G2.1(b)(6).)

The total adjusted offense level for Count 2 is <u>38</u>.

7



Exhibit #1: pg 7 of 12

33

Combined Offense Level – The parties agree that the offense involved the exploitation of more than one minor, and Chapter Three, Part D applies. Pursuant to U.S.S.G. §1B1.2(c), the four stipulated additional offenses of production of child pornography involving MINOR #3, MINOR #4, MINOR #5, and MINOR #6 are treated as distinct groups under U.S.S.G. §3D1.4(a). The total adjusted offense level for each of the four stipulated additional offenses is 36. The greater of the adjusted offense levels is 40 (Count 1). Pursuant to U.S.S.G. §3D1.4, there are a total of six units (Count 1, Count 2, and four stipulated additional offenses), which results in a five-level increase to the greater of the adjusted offense levels (40 + 5). Accordingly, the parties agree that the combined offense level is <u>45</u>.

b. <u>Repeat and Dangerous Sex Offender</u>. Because Defendant's instant offenses of conviction are a covered sex crime, and because Defendant engaged in a pattern of activity involving prohibited sexual conduct, the parties agree that <u>5</u> levels are added under U.S.S.G. §4B1.5(b)(1). This results in an adjusted offense level of <u>50</u>.

c. <u>Acceptance of Responsibility and Other Chapter Three Adjustments</u>. The parties agree that if Defendant (1) provides full, complete, and truthful disclosures to the United States Probation and Pretrial Services Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; and (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the Government agrees to recommend that Defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b). This three-level reduction results in an adjusted offense level of <u>47</u>. However, U.S.S.G. Chapter 5, Part A, Application Note 2 provides that an offense level of more than 43 is to be treated as an offense level of 43. Therefore, the parties agree that Defendant's final adjusted offense level is <u>43</u>.



Exhibit #1: pg. 8 of 12

34

  d. <u>Criminal History Category</u>.  Based on information available at this time, the parties believe that the defendant's criminal history category is I.  This does not constitute a stipulation, but a belief based on an assessment of the information currently known.  Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.   If it is determined that Defendant's criminal history is more than I, that will not be a basis to withdraw from the plea agreement.

  e. <u>Advisory Guideline Range</u>.  If Defendant's final adjusted offense level is <u>43</u>, and his criminal history category is I, then the resulting advisory Guideline range is life in prison.  The parties understand that the Court will make the final determination of both the final adjusted offense level and criminal history category at the sentencing hearing.

  f. <u>Fine Range</u>.  If the adjusted offense level is 43, the fine range is $25,000 to $250,000.  (U.S.S.G. § 5E1.2).

  g. <u>Supervised Release</u>.  The Sentencing Guidelines require a term of supervised release of at least five (5) years up to a life term if a term of imprisonment of more than one year is imposed.   (U.S.S.G. §§ 5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3582 (k)).

  j. <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.  Defendant specifically reserves the right to ask for a sentence below the applicable advisory Guideline range.  Defendant understands, however, that the mandatory minimum sentence in this case is fifteen (15) years in prison.

8. **State Court Sentence.**  The Government agrees that it will not oppose any request that the Defendant's sentence in this matter run concurrent with any sentence that he is ordered to serve for the related criminal charges for engaging in electronic communication relating to or describing sexual conduct with a child or solicitation of a child in Beltrami County, Minnesota.



Exhibit #1: p. 9 f 12

35

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

10. **Forfeiture**. Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Sections 2253(a) and 2428:

    a. Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110;

    b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including, but not limited to:

        i. One white Apple iPhone 6S, FCC ID BCG-E2946A;

10



Exhibit #1: pg 10 of 12

36.

    ii.   One black Apple iPhone 6S, FCC ID BCG-E2946A; and

    iii.   One 27-inch Apple iMac, serial number QPO32ODpDNP.

Defendant agrees that this property is subject to forfeiture because the items were used to commit the violations charged in the Information. The United States reserves the right to seek the forfeiture of additional property on which contraband child pornography is located.

    11.   **Restitution.** Defendant understands and agrees that 18 U.S.C. § 2259 and the Mandatory Victim Restitution Act, 18 U.S.C. §3663A, apply and that the Court is required to order Defendant to make restitution to the victims of his crimes. There is no agreement with regard to the amount of restitution. Defendant understands and agrees that the Court may order him to make restitution to any victim of his crime, regardless of whether the victims are named in the Information.

    12.   **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which Defendant is convicted. U.S.S.G. § 5E1.3. Defendant agrees to pay the $200.00 special assessment at the time of sentencing.



37
Exhibit #1: p 11 of 12

13.    **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations, or understandings.

Date:    9/28/17

GREGORY G. BROOKER
Acting United States Attorney

BY: Angela M. Munoz-Kaphing
Assistant U.S. Attorney

Date:    9/28/17

Brandon Mark Bierknes
Defendant

Date: 9-28-17

Peter B. Wold
Counsel for Defendant

12

Exhibit #1: pg 12 of 12

Waiver of Indictment

Cr. Form No. 18

# United States District Court

**RECEIVED**
**BY MAIL**

### FOR THE

FEB 11 2017

### DISTRICT OF MINNESOTA

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

BRANDON MARK BJERKNES,

      Defendant.

Criminal No. 17-CR-234
(WMW)

    Brandon Mark Bjerknes, the above-named defendant, who is accused of coercion and enticement, and production of child pornography, being advised of the nature of the charge and of his rights, hereby waives in open court prosecution by Indictment and consents that the proceeding may be by Information instead of by Indictment.

Date: _9-28-17_

_____
Brandon Mark Bjerknes, Defendant

_____
Angela Munoz-Kaphing, Witness

_____
Peter B. Wold, Esq.

```
SCANNED
SEP 2 8 2017
U.S. DISTRICT COURT ST. PAUL
```

[39]

Exhibit #2 pg 1 of 1

RECEIVED
BY MAIL

FEB 11 2017

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

1  Complaints in two separate actions, four to

2  four identical counts, those counts being Engaging in

3  Electronic Communication Relating to or Describing

4  Sexual Conduct with a Child.  You pled guilty to those

5  four counts in Files CR-17-846 and CR-17-1392.  And you

6  pled guilty to them back on October 4 of 2017.

7         At this point now, I am going to accept your

8  guilty pleas and record them on the Court's minutes.

9  And I therefore determine and adjudge that you are now

10  guilty and convicted of all four counts, those crimes

11  being committed in violation of Minnesota Statute

12  Section 609.352, Subdivision 2a (2).

13         My sentence for those convictions will be

14  with respect to File 846, Count 1, you will serve -- you

15  will be committed to the custody of the Commissioner of

16  Corrections for 15 months.  Under Minnesota law, you

17  will serve ten months in prison with five months on

18  supervised release.  It's a moot issue, because

19  obviously the sentence is going to be fully served in

20  prison.

21         Count 2, you will be committed to serve a

22  period of twenty (20) months, with thirteen and

23  one-third months served in prison, with six and

24  two-thirds months on supervised release.

25         Count 3, you will be committed to the

Exhibit # 3  ps 1 of 2

1  custody of the Commissioner of Corrections for

2  twenty-five (25) months, with two-thirds being served in

3  prison.  That is sixteen and two-thirds months, with

4  eight and one-third months on supervised release.  In

5  this file, I will be requiring that you do submit a

6  biological specimen for DNA registration, if you haven't

7  already done so.  I am going to reserve the issue of

8  restitution.  And I believe the credits at this point

9  are 159 through today.  Am I right on that?  Is it 159?

10       MR. FRANK:  I didn't endeavor to check,

11  Your Honor.  But certainly makes sense.  And I recall

12  seeing that number on the PSI.

13       THE COURT:  Well, it was two days here in

14  Beltrami County, and then the PSI writer said if I gave

15  him credits for the Federal time, which the State has

16  agreed to, he would receive an additional 115 through

17  February 8 -- 157 through February 8.  So 159 days

18  credit.

19       Is the State requesting anything other than

20  a minimum fine since restitution --

21       MR. FRANK:  No, Your Honor.

22       THE COURT:  So I have to impose the $50

23  fine and $85 surcharge.

24       I do encourage the parents to seek

25  restitution, whether it's in State court or Federal

Exhibit #3 pg 2 of 2



RECEIVED
BY MAIL

FEB 11 2019

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

1

1   STATE OF MINNESOTA                          DISTRICT COURT

2   COUNTY OF BELTRAMI                    NINTH JUDICIAL DISTRICT

3

4   State of Minnesota,          )  File Nos. 04-CR-17-845,
                                 )            04-CR-17-1392
        Plaintiff,               ).
5                                )
    -vs-                         )
6                                )
    Brandon Mark Bjerknes,       )       **SENTENCING**
7                                )
        Defendant.               )
8                                )
    ---------------------------------------------------------

9

10       The above-entitled matter came on for hearing
    before the Honorable Paul T. Benshoof, Judge of the
11   above-named court, on February 8, 2018, in the Beltrami
    County Judicial Center, Courtroom 1, in the City of
12   Bemidji, County of Beltrami, State of Minnesota.

13   ---------------------------------------------------------

                           **APPEARANCES**
14

15       **DAVID P. FRANK**, Assistant Beltrami County
    Attorney, 600 Minnesota Avenue NW, Suite 400, Bemidji,
16   Minnesota 56601, appearing for and on behalf of the
    State of Minnesota.

17

18       **PETER B. WOLD**, Attorney at Law, of Wold Morrison
19   Law, 247 Third Avenue South, Minneapolis, Minnesota
    55415, appearing for and on behalf of the Defendant, who
20   was also personally present.

21   ---------------------------------------------------------

22

23

24       THE REPORTER:  Monica K. Christensen, RMR

25

42

Exhibit #4; pg 1 of 31

1    cases that are prosecution-ready right now, but he would

2    be surprised -- shocked, quite honestly -- if he did not

3    find more victims.

4                As the Court knows, that after

5    Investigator Walton conducted forensic review of the

6    Defendant's cell phones, as well as his computers, he

7    found over 50 more victims of the Defendant's criminal

8    acts.

9                We knew fairly early on that the State

10   statutes addressing this behavior could not compare to

11   the sentences that the Prosecution could get at the

12   Federal level.  And we knew fairly early on that we

13   wanted to enlist the assistance of the United States

14   Attorney's office and prosecute the bulk of these cases

15   federally, in light of the exposure of the sentences,

16   including exposure to life imprisonment with the

17   Defendant.  And that case was prosecuted in Federal

18   Court.  It resulted in a fairly early plea agreement to

19   have the Defendant plead guilty to two Federal charges:

20   Production of Child Pornography and Enticing Children.

21   He pled guilty to those two matters.  And that case

22   concluded on Tuesday of this week before the Honorable

23   Wilhelmina Wright.

24                Judge Wright sentenced the Defendant to 25

25   years in Federal prison on both of those Federal

Exhibit # 4. pg 2 of 3

[43]

40

1                    **REPORTER's CERTIFICATE**

2        I, Monica K. Christensen, RMR and Official Court
Reporter, do hereby certify that the foregoing pages are
3   a true and accurate computer-aided transcription of my
stenographic notes of the proceedings had at the
4   aforementioned time and place.

5        DATED THIS 12th DAY of OCTOBER, 2018.

6

7        Christensen, Monica
         Oct 15 2018 5:43 PM

8   MONICA K. CHRISTENSEN, RMR
    Official Court Reporter
9   600 Minnesota Ave NW, Ste. 108
    Bemidji, MN  56601
10  (218) 333-4212

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

[44]

Exhibit #4, pg 3 of 3

RECEIVED
BY MAIL
FEB 11 2019
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 17-mj-479 (JTH)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

BRANDON MARK BJERKNES,

        Defendant.

**SECOND JOINT MOTION OF THE
PARTIES FOR EXTENSION OF
TIME FOR FILING INDICTMENT**

The United States of America by and through its attorneys, Gregory G. Brooker,

Acting United States Attorney for the District of Minnesota, and Assistant United States

Attorney Angela M. Munoz-Kaphing, together with Defendant Brandon Mark Bjerknes

and his attorney, Peter Wold, jointly move the Court pursuant to 18 U.S.C. §3161(h)(7) for

a 30-day extension of time for filing the indictment in the above-captioned matter. The

grounds for this motion are as follows:

1.    On May 30, 2017, the Defendant was arrested on a federal complaint in

Beltrami County, Minnesota. An initial appearance in the matter was held on May 31,

2017, in the United States District Court for the District of Minnesota. (Dkt. No. 7). The

Government moved for detention, the Honorable Jon.T. Huseby ordered the Defendant

temporarily detained pending a preliminary and detention hearing before the Honorable

Hildy Bowbeer. (Dkt. No. 8).

2.    On June 1, 2017, the Court appointed Attorney Peter Wold to represent the

Defendant. (Dkt. No. 10).



Exhibit #5: pg 1 of 3

45

3.      The Defendant is currently residing in a halfway house under 24-hour-a-day lockdown.  (Dkt. No. 12).

4.      On June 13, 2017, the parties filed a joint motion to extend the Government's indictment deadline.  (Dkt. No. 14).  The Court granted this motion and pursuant to that Order, an indictment must be filed by August 28, 2017.  (Dkt. No. 15).

4.      The parties agree that an additional 30-day extension of the time period in which the United States is required to bring the matter before the grand jury serves the interests of Defendant, the public, and justice in this case, and that such interests outweigh the public and Defendant's interests in a speedy trial.  Specifically, the Government and Defendant agree that a pre-indictment resolution would save the Government substantial resources while allowing Defendant to promptly resolve this matter and reduce his potential consequences.  However, the parties have had insufficient time to explore their options for pre-indictment resolution. Such a resolution will not be possible without the requested extension.  The Government provided the Defendant with early discovery disclosures on August 4, 2017, and is currently preparing a pre-indictment resolution offer for the Defendant.

5.      Counsel for Defendant has consulted with Defendant about this extension request, and Defendant consents to the request and agrees that any period of delay is excluded from the calculation of time under the Speedy Trial Act.

For the foregoing reasons, the parties respectfully and jointly request that the motion for a 30-day extension of time for filing the indictment in the above-captioned matter be granted.  A proposed order accompanies this motion.


Exhibit #5 pg. 2 of 2



Dated: August 9, 2017

GREGORY G. BROOKER
Acting United States Attorney

s/ Angela M. Munoz-Kaphing

BY:  ANGELA M. MUNOZ-KAPHING
Assistant United States Attorney

Dated:  August 9, 2017

s/ Peter Wold

PETER WOLD
Wold Morrison Law Firm
Counsel For Defendant

3

Exhibt #5 pg 3 of 3

AMK:AMK
AO 91 (Rev. 11/11) Criminal Complaint

RECEIVED [2017R00185]

# UNITED STATES DISTRICT COURT

for the

District of Minnesota

BY MAIL

FEB 11 2017

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

| UNITED STATES OF AMERICA | |
| --- | --- |
| v. | Case No. 17 - MJ - 479 JTH |
| BRANDON MARK BJERKNES | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge

and belief.  In Beltrami County, in the State and District of Minnesota, Defendant:

(1) On February 18, 2015, did knowingly employ, use, persuade, induce, entice, and coerce a known minor, specifically Victim #1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means or facility of interstate and foreign commerce or in or affecting interstate or foreign commerce;

(2) On March 29, 2015, did knowingly distribute visual depictions using a means and facility of interstate commerce and that had been mailed, shipped, and transported in interstate commerce, by any means including by computer, where the production of such visual depictions involved the use of a known minor engaging in sexually explicit conduct and such visual depictions were of such conduct;

(3) On November 13, 2016, using a facility or means of interstate or foreign commerce, attempted to persuade, induce, entice, or coerce Victim #2, a known minor who had not yet attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense; and

(4) On March 19, 2017, did knowingly employ, use, persuade, induce, entice, and coerce a known minor, specifically Victim #3, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer;

in violation of Title 18, United States Code, Sections 2251(a), 2252(a)(2), and 2422(b).

I further state that I am a Special Agent and that this complaint is based on the following facts:

### SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  ☒Yes  ☐No

_____
Complainant's signature

Adam Wright, Special Agent, Minnesota Bureau of Criminal Apprehension
_____
Printed name and title

Sworn to before me and signed in my presence.

Date:  5-30-2017
_____
Judge's Signature

City and State:  Bemidji, MN

Jon T. Huseby, U.S. Magistrate Judge
_____
Printed Name and Title

SCANNED
MAY 30 2017
U.S. DISTRICT COURT MPLS

[48]

Exhibit #6 pg 1 of 1)

STATE OF MINNESOTA                    17-MJ-479 JTH

                              ss.    AFFIDAVIT OF ADAM WRIGHT

COUNTY OF BELTRAMI

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the Minnesota Bureau of Criminal Apprehension

(BCA), and have been so employed since February 2016.   I am currently assigned to the

Predatory Crimes Section, which is responsible for the investigation of sexual offenses,

including investigations involving the sexual exploitation of children.   Prior to working

with the BCA, I was employed as a licensed police officer for ten years and worked in the

capacity of a patrol officer, narcotics investigator, and most recently, a general investigator.

During my career, I have conducted and participated in numerous investigations involving

sexual offenses, child exploitation matters, child pornography, importation and distribution

of narcotics, major financial crimes, death investigations, and other major felony level

investigations. During these investigations, I have conducted physical surveillance,

executed arrest and search warrants, reviewed electronic forensic evidence, and personally

interviewed numerous sources of information.   I have received training relating to the

investigation of predatory offenses and human trafficking.   I am also a Task Force Officer

with the North Star Fugitive Task Force, which is a multi-agency task force led by the U.S.

Marshals Service and was established to seek out fugitives and enforce federal predatory

offender laws.   As a task force officer, I am authorized to investigate violations of United

1



Exhibit #6 pg 2 of 13

49)

States laws and to execute warrants issued under the authority of the United States.

## PURPOSE OF AFFIDAVIT

2.      This Affidavit is submitted in support of a Complaint establishing probable cause to believe that BRANDON MARK BJERKNES committed the following federal violations:

        a.      Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a), on February 18, 2015;

        b.      Distribution of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2), on March 29, 2015;

        c.      Attempted Coercion and Enticement of a Minor, in violation of Title 18, United States Code, Section 2422(b) on November 13, 2016; and

        d.      Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a), on March 19, 2017.

3.      The facts set forth in this Affidavit are based on my review of reports, my personal investigation, and discussions I have had with other law enforcement personnel. The facts set forth herein contain information sufficient to support probable cause.  This Affidavit is not intended to convey all of the facts learned during this investigation.

## BACKGROUND OF INVESTIGATION

4.      I have been investigating the on-line child exploitation activities of BJERKNES since April 2017.  The Beltrami County Sheriff's Office began its investigation of BJERKNES in September 2016.

2

Exhibit #6 pg 3 of 13



5.     In September 2016, the Beltrami County Sheriff's Office was contacted by a parent concerned about his minor daughter's social media activities.  The minor daughter is hereinafter referred to as "Minor A."  The parent advised that Minor A engaged in an ongoing conversation via the Instant Messenger Application for Facebook and Snapchat with a subject by the name of "Brett Larson" in September 2016.    During the social media-based conversations, Brett Larson told Minor A that he was a student at Morgan Park School in Duluth, Minnesota.   In written Facebook conversations, Minor A and Brett Larson played a game of truth or dare, and Brett Larson dared Minor A to send photographs, which were sexual in nature, of her various body parts.   At Brett Larson's prompting, Minor A sent him multiple photographs of herself via the Facebook Instant Messenger Application.   Brett Larson also dared Minor A to watch a "porno clip," which he sent to her via the Snapchat Application.

6.     Upon further investigation of Brett Larson's Facebook profile page, law enforcement determined that the page included a photograph of a juvenile boy, and the majority of his social media "friends" resided in and near Bemidji, Minnesota.   Law enforcement performed an online reverse image lookup and determined that the image originated on deviantart.com, and the photograph is of a known 14-year-old boy, who lives in the United States.   Law enforcement contacted the Duluth Public School District to confirm Brett Larson's attendance, and were advised that the Morgan Park School closed several years ago.

7.     On January 10, 2017, law enforcement obtained an administrative subpoena

3



Exhibit #6: ps 4 of 13

51

requesting all IP addresses and account information associated with Brett Larson's Facebook account from August 31, 2016 through October 1, 2016. The subpoena return identified that the account was registered to Brett Larson. The Internet Protocol (IP) address associated with Brett Larson's Facebook account during the subpoenaed timeframe was 96.2.168.87.

8.   Midcontinent Communications is the internet service provider for IP address 96.2.168.87. In response to an administrative subpoena, Midcontinent Communications identified that IP address 96.2.168.87 was assigned to BRANDON BJERKNES at a residential address in Bemidji, Minnesota. According to the Minnesota Driver and Vehicle Services ("DVS") database, BJERKNES's driver's license identifies the same residential address in Bemidji, Minnesota.

9.   BJERKNES was employed by the Bemidji Area Schools since approximately 2006. His most recent position was the Assistant Principal of Bemidji Middle School. He was the Assistant Principal at Bemidji Middle School for approximately three years, until he resigned in April 2017. BJERKNES held the Assistant Principal position during all times relevant to the offenses identified herein.

10.   Based on the investigation to date, I believe that BJERKNES poses as a 13-15 year old male named "Brett Larson," and uses various social media profiles on Facebook and Snapchat with "decoy photographs" to contact minor females and males in middle school and high school. Using the Brett Larson alias profiles, BJERKNES directs minor females to send him naked photographs of their specific body parts or photographs of the

4





minor females engaged in specific sexual acts or poses via social media applications.  In multiple instances, BJERKNES uses his iPhone to create a video of himself viewing sexually explicit pictures sent to him by minor females on the Snapchat application. BJERKNES also engages in written, sexually explicit conversations whereby he attempts to coerce or induce minor females to send him naked pictures of their specific body parts or engaged in specific sexual acts or poses via social media applications.  BJERKNES also sends sexually explicit photographs and videos to minor females and males, including photographs of his own penis.  On more than one occasion, BJERKNES distributed naked or sexually explicit photographs that he received of a known minor female to a known minor male via Facebook.  BJERKNES used the "Brett Larson" social media accounts on Facebook and Snapchat to contact and communicate with the minor victims.

11.    On March 20, 2017, state law enforcement authorities, executed a search warrant at BJERKNES's residence in Bemidji, Minnesota.  Law enforcement seized a number of electronic devices, including BJERKNES's personal iPhone, an iPhone that BJERKNES referred to as his "school" or "work" phone, multiple iPads, a laptop computer, a desktop computer, and multiple external hard drives.

12.    Law enforcement interviewed BJERKNES on March 20, 2017, during the execution of the search warrant at his residence.  BJERKNES was informed of his *Miranda* rights and agreed to talk to law enforcement.  BJERKNES confessed to creating the "Brett Larson" social media profiles on Facebook and Snapchat, and subsequently engaging in sexually explicit conversations with minors, including receiving sexually

5


Exhibit #6 p.5 6 of 13

53

explicit photographs of minors and sending sexually explicit photographs to minors. BJERKNES admitted that some of the minors that he contacted on social media were Bemidji Middle School students that he was familiar with because of his role as Assistant Principal at Bemidji Middle School. BJERKNES admitted that he used multiple electronic devices to access the "Brett Larson" social media account, including his personal iPhone, work iPhone, and his laptop and desktop computers.

13.     Law enforcement has conducted a partial forensic review of the electronic items seized from BJERKNES's residence.   The forensic review is on-going. Nonetheless, law enforcement found numerous videos containing minor females engaged in sexually explicit conduct. BJERKNES used one of his iPhones to create videos of himself using his second iPhone to view sexually explicit pictures sent to him by minor females on the Snapchat application.   Based on my training and experience, I know that messages or "snaps" sent via Snapchat automatically disappear after they are viewed by the recipient.   Because Snapchat photographs are deleted in a short period of time, it appears that BJERKNES used the second phone to create a permanent record of and to preserve the sexually explicit photographs that he received from the minor female victims.

14.     In March 2017, state law enforcement also obtained and executed search warrants for the content of the "Brett Larson" Facebook account, and the "Brett Larson" Snapchat accounts, namely "brettlarson69" and "Brettlarson6969."

15.     To date, based on the review of BJERKNES's "Brett Larson" social media accounts on Facebook and Snapchat, and BJERKNES's electronic devices, law

6





enforcement has identified more than 50 female and male victims. The victims are students from different middle schools and high schools, and from different geographic locations. All of the victims were under the age of 18 when they sent the naked photographs, were asked for naked photographs, or received sexually explicit photographs or videos from BJERKNES posing as Brett Larson.

Victim #1

16.     Victim #1 was born in February 2002. She is currently 15 years old. She engaged in conversations with BJERKNES, posing as Brett Larson, on Facebook from approximately February 2015 through June 2015. At that time, Victim #1 was 13 years old and had communicated her age to BJERKNES in February 2015.

17.     On February 18, 2015, BJERKNES, posing as Brett Larson, sent Victim #1 a picture of his erect penis, and then asked Victim #1 to send him a picture of her "pussy." Victim #1 then sent a close-up photograph of her vagina with the text "pussy" in white lettering in the picture. Throughout his conversations with Victim #1, BJERKNES asked her to send him sexually explicit photographs and engaged in sexually explicit conversations with her. Victim #1 sent BJERKNES various photographs of her body, including photographs depicting her face.

18.     On March 29, 2015, BJERKNES, posing as Brett Larson, engaged in a conversation on Facebook with a known 15-year-old male. BJERKNES represented that he was a 15-year-old male from Duluth, Minnesota. BJERKNES repeatedly asked the minor male for photographs of naked girls so that BJERKNES could use the photographs

7



Exhibit #6: pg 8 of 13

55

for masturbation purposes.   During their conversation, BJERKNES sent the minor male

the photograph of Victim #1's vagina, which he received from her on February 18, 2015.

19.      On April 18, 2017, an Investigator with the Beltrami County Sheriff's Office

met with Victim #1.   Victim #1 was not interested in cooperating with the investigation,

but did confirm her Facebook and Snapchat usernames, and confirmed that she uses both

of these social media applications.   The social media profiles identified by Victim #1 were

the same profiles that engaged in conversations with Brett Larson in the search warrant

returns from Facebook and Snapchat for the "Brett Larson" accounts.   Based on the in-

person meeting with Victim #1, law enforcement was able to confirm that Victim #1 is the

minor female depicted in the photographs exchanged on Facebook with BJERKNES

posing as Brett Larson.

Victim #2

20.      Victim #2 was born in September 2003.   She is currently 13 years old and

in 8th grade.   She engaged in conversations with BJERKNES, posing as Brett Larson, on

Facebook and Snapchat from approximately July 2016 through November 2016.   During

this timeframe, Victim #2 was 12 and 13 years old and, in July 2016, told BJERKNES that

she was in 7th grade.

21.      Nearly all of BJERKNES's conversations with Victim #2 were sexual in

nature, including graphic conversations about the sexual acts that he would like to engage

in with Victim #2.   Throughout these conversations, BJERKNES coerced and enticed

Victim #2 to send him naked photographs of herself.   He provided her with specific

56



Exhibit # 6.pg 9 of 13

instructions on what he wanted the photographs to depict.   For example, on November 13,

2016, while chatting with Victim #2 on Snapchat, BJERKNES wrote "Can u sneak off so

no one sees?"   Victim #2 responded "No in the middle of a game."   BJERKNES then

wrote "Can u run to the bathroom to "pee" and snap one pic of ur pussy and head back."

BJERKNES then continued with "And then I will have a pussy pic to cum too?"   At this

time, Victim #2 did not sent a photograph to BJERKNES.

22.     On May 11, 2017, Investigators with the Beltrami County Sheriff's Office

met with Victim #2.   Victim #2 confirmed that she knows "Brett" as someone who is 13

years old and lives in Duluth.   Victim #2 stated that she talked to "Brett" via Facebook

and Snapchat and identified her various social media profiles.   The social media profiles

identified by Victim #2 were the same profiles that engaged in conversations with Brett

Larson in the search warrant returns from Facebook and Snapchat for the "Brett Larson"

accounts.   Victim #2 explained that "Brett" requested that they continue their conversation

on Snapchat so that they could exchange photos.   Victim #2 stated that "Brett" sent her

numerous photos of his penis and that she sent him photos of her vagina and breasts after

"Brett" asked her to send photographs to him.

<u>Victim #3</u>

23.     Victim #3 was born in March 2004.   She is currently 13 years old and in 6th

grade.   She engaged in conversations with BJERKNES, posing as Brett Larson, on

Facebook and Snapchat from approximately November 2016 through March 2017.

During this timeframe, Victim #3 was 12 years old and, in November 2016, told

9





BJERKNES that she was 12 years old.

24.     Victim #3 is one of the victims depicted in the videos located on BJERKNES's iPhone, as described above.  At BJERKNES's direction, Victim #3 sent BJERKNES a series of photographs of her vagina via Snapchat.  BJERKNES gave Victim #3 specific instructions about how he wanted Victim #3 to pose in the photographs.  After receiving the "snaps" from Victim #3 on one of his iPhones, BJERKNES used his second iPhone to record himself viewing the sexually explicit photographs of Victim #3.  The forensic analysis of BJERKNES's iPhone reveals that he created 10 videos of Victim #3 on March 12, 2017, and 1 video of Victim #3 on March 19, 2017.

25.     On April 10, 2017, Investigators with the Beltrami County Sheriff's Office met with Victim #3.  Victim #3 confirmed that she knows "Brett" as someone who is 14 years old and lives in Duluth.  Victim #3 stated that she talked to "Brett" via Facebook and Snapchat and identified her various social media profiles.  The social media profiles identified by Victim #3 were the same profiles that engaged in conversations with Brett Larson in the search warrant returns from Facebook and Snapchat for the "Brett Larson" accounts.  Victim #3 explained that she first talked to "Brett" on Facebook after he "friended" her.  They initially talked about sports, but then BJERKNES requested that they switch to Snapchat.  Victim #3 said that "Brett" sent her photographs of his face, and eventually of his penis.  BJERKNES subsequently asked Victim #3 for nude photographs, and encouraged and instructed her to send photographs of her vagina.  In response to his prompting, Victim #3 sent a series of photographs of her vagina. Victim #3 reported that

10



Exhibit #6 pg 11 of 13



she eventually "blocked" "Brett" on social media.

## CONCLUSION

26.    Based on the above, I believe probable cause exists that on February 18, 2015, BRANDON BJERKNES knowingly employed, used, persuaded, induced, enticed, and coerced a known minor, specifically Victim #1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means or facility of interstate and foreign commerce or in or affecting interstate or foreign commerce, in violation of 18 U.S.C. § 2251(a).

27.    Based on the above, I believe probable cause exists that on March 29, 2015, BRANDON BJERKNES knowingly distributed visual depictions of Victim #1, using a means and facility of interstate commerce and that had been mailed, shipped, and transported in interstate commerce, by any means including by computer, where the production of such visual depictions involved the use of a known minor, namely Victim #1, engaging in sexually explicit conduct and such visual depictions were of such conduct, in violation of 18 U.S.C. § 2252(a)(2).

28.    Based on the above, I believe probable cause exists that on November 13, 2016, BRANDON BJERKNES used a facility or means of interstate or foreign commerce to attempt to persuade, induce, entice, or coerce Victim #2, a known minor who had not yet attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b).

11


Exhibit # 6: pg 12 of 13


59

29.     Based on the above, I believe probable cause exists that on March 19, 2017,

BRANDON BJERKNES knowingly employed, used, persuaded, induced, enticed, and

coerced a known minor, specifically Victim #3, to engage in sexually explicit conduct for

the purpose of producing a visual depiction of such conduct, using materials that had been

mailed, shipped, and transported in and affecting interstate and foreign commerce by any

means, including by computer, in violation of 18 U.S.C. § 2251(a).

X _____

Adam Wright, Special Agent
Bureau of Criminal Apprehension

Sworn and subscribed before me
this 30th day of May, 2017.

_____

The Honorable Jon T. Huseby
United States Magistrate Judge

12

Exhibit #6.ps   13 of 13

60

RECEIVED
BY MAIL

FEB 11 2017

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INFORMATION** |
| Plaintiff, | 18 U.S.C. § 2251(a) |
| | 18 U.S.C. § 2251(e) |
| v. | 18 U.S.C. § 2253(a) |
| | 18 U.S.C. § 2422(b) |
| BRANDON MARK BJERKNES, | 18 U.S.C. § 2427 |
| | 18 U.S.C. § 2428 |
| Defendant. | |

CR 17-234 WMW

THE ACTING UNITED STATES ATTORNEY CHARGES THAT:

## COUNT 1
### (Coercion and Enticement)

On or about September 5, 2016, in the State and District of Minnesota, the

defendant,

**BRANDON MARK BJERKNES,**

did use a facility and means of interstate and foreign commerce, that is, the Internet, to

knowingly persuade, induce, and entice Minor #1, a known 13-year old girl, to engage in

sexual activity for which a person can be charged with a criminal offense, namely, the

production of child pornography, in violation of 18 U.S.C. § 2251(a), all in violation of

Title 18, United States Code, Sections 2422(b) and 2427.

## COUNT 2
### (Production of Child Pornography)

On or about March 12, 2017, in the State and District of Minnesota, the defendant,

**BRANDON MARK BJERKNES,**

SCANNED
SEP 13 2017
U.S. DISTRICT COURT MPLS

61

Exhibit #7: pg 1 of 3

did, knowingly employ, use, persuade, induce, and entice Minor #2, a known 12-year old

girl, to engage in sexually explicit conduct for the purpose of producing a visual depiction

of such conduct, including, but not limited to the following computer video file:

IMG_6330.MOV, knowing and having reason to know that such visual depiction would

be transported and transmitted using a means and facility of, and in and affecting interstate

and foreign commerce, and which visual depiction was transmitted using a means and

facility of, and in and affecting interstate and foreign commerce by any means, including

by computer, all in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## FORFEITURE ALLEGATIONS

Counts 1 through 2 of this Information are hereby re-alleged and incorporated as if

fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title

18, United States Code, Sections 2253(a) and 2428.

As a result of the foregoing offenses, the Defendant shall forfeit to the United States

pursuant to Title 18, United States Code, Sections 2253(a) and 2428:

(a) Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or

2260 of this chapter, or any book, magazine, periodical, film videotape, or other

matter which contains any such visual depiction, which was produced,

transported, mailed, shipped, or received in violation of Chapter 110, United

States Code;

(b) any property, real or personal, constituting or traceable to gross profits or other

proceeds obtained from such offense; and

62


(Exhibit #7 pg 2 of 3)

(c) any property, real or personal, used or intended to be used to commit or to

promote the commission of such offense or any property traceable to such

property, including, but not limited to:

    1.  One white Apple iPhone 6S, FCC ID BCG-E2946A;

    2.  One black Apple iPhone 6S, FCC ID BCG-E2946A; and

    3.  One 27-inch Apple iMac, serial number QPO32ODPDNP.

All in violation of Title 18, United States Code, Section 2253(a) and 2428.

Dated: 9/13/17

GREGORY G. BROOKER
Acting United States Attorney

BY: ANGELA MUNOZ-KAPHING
Assistant U.S. Attorney
Attorney ID No. 389207



Exhibit #7  pg 3 of 3

67