UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-0234 (WMW) |
| Plaintiff, | |
| v. | **ORDER** |
| Brandon Mark Bjerknes, | |
| Defendant. | |

Defendant Brandon Mark Bjerknes filed a Pro Se Motion to Vacate, Set Aside or Correct Sentence, under Title 28, United States Code, Section 2255. (Dkt. 67.) The Court ordered Plaintiff United States of America to respond to Bjerknes's motion by March 14, 2019. The United States subsequently requested an extension of time to file its response so that it could obtain complete copies of state court transcripts and fully investigate the allegations raised in Bjerknes's motion. The Court granted that request.

The United States now requests a second extension of time to respond and an order directing Bjerknes's former counsel, Peter B. Wold, to file an affidavit responding to Bjerknes's allegations. (Dkt. 79.) The United States represents that it has obtained and reviewed the relevant state court transcripts and contends that Bjerknes has placed his communications with Wold at issue, thus waiving the attorney-client privilege. For this reason, the United States requests an order that (1) directs Wold to submit an affidavit responding to Bjerknes's allegations within 45 days, (2) extends the United States's response deadline to 14 days after Wold submits his affidavit, and (3) extends Bjerknes's reply deadline to 30 days after the United States files its response.

When a criminal defendant alleges that he or she received ineffective assistance of counsel and puts their communications with defense counsel at issue, the defendant has waived the attorney-client privilege with respect to those communications. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); *see also United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) ("Voluntary disclosure of attorney client communications expressly waives the privilege."). Here, Bjerknes's Section 2255 motion alleges that Wold provided him ineffective assistance of counsel in connection with this case and a related state court prosecution. Because Bjerknes has placed his communications with Wold at issue, Bjerknes has waived the attorney-client privilege with respect to those communications.

When considering a Section 2255 motion to vacate, set aside, or correct a sentence, a district court "may direct the parties to expand the record by submitting additional materials relating to the motion," including court-ordered affidavits. *See* Rule 7(a), (b), Rules Governing Section 2255 Proceedings for the United States District Courts. When a defendant advances an ineffective-assistance-of-counsel claim in a Section 2255 motion, a court-ordered affidavit from the defendant's former counsel may be necessary. *See, e.g.*, *United States v. Penoncello*, No. 15-cr-0120, at Dkt. 143 (D. Minn. Feb. 7, 2018); *United States v. Vennes*, No. 11-cr-0141, at Dkt. 379 (D. Minn. Oct. 15, 2014). Here, in light of Bjerknes's allegations, an affidavit from Wold addressing the allegations is warranted.

Consequently, the motion of the United States seeking an affidavit from Wold and an extension of time to respond to Bjerknes's Section 2255 motion is granted.

Based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff United States of America's second motion for an extension of time, (Dkt. 79), is **GRANTED**.

2. Attorney Peter B. Wold shall file on ECF, and serve on Defendant Brandon Mark Bjerknes, an affidavit addressing Bjerknes's allegations no later than Monday, May 27, 2019.

3. The United States shall file a response to Defendant's Section 2255 motion no later than 14 days after Wold files his affidavit.

4. Bjerknes may file a reply in support of his Section 2255 motion no later than 30 days after the United States files its response.

Dated: April 23, 2019

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge