UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO.: 17-CR-234 (WMW) |
| Plaintiff, | |
| v. | **AFFIDAVIT OF PETER B. WOLD** |
| BRANDON MARK BJERKNES, | |
| Defendant. | |

---

STATE OF MINNESOTA )
                           ) ss.
COUNTY OF HENNEPIN )

1.I write this Affidavit pursuant to the Court's Order dated April 23, 2019, to address the allegations of Brandon Mark Bjerknes.

2.Mr. Bjerknes was charged in a two count complaint with Engaging in Electronic Communications Relating to Sexual Conduct with Child by the State of Minnesota and Beltrami County District Court in March of 2017.

3.I was retained as his counsel on March 27, 2017.

4.On April 10, 2017, after receiving discover from the Beltrami County Attorney we provided that discovery in a thumb drive to Mr. Bjerknes (See Exh. 1).

5.On April 17, 2017, I appeared with Mr. Bjerknes in Beltrami County Court and entered a not guilty plea to the charges pending against him and made a Speedy Trial Demand on that date.

1

6. On April 27, 2017, Judge Paul Benshoof issued a Scheduling Order setting a Pretrial Conference for May 17, 2017, and a Trial for May 22, 2017.

7. When we appeared for the Pretrial Conference, Mr. Bjerknes was served with an Amended Complaint adding a third count relating to another alleged victim.

8. Based on the Amended Complaint and the new evidence, the Speedy Trial Demand was withdrawn with agreement of Mr. Bjerknes.

9. By waiving the Speedy Trial Demand, the Trial set for May 27, 2017, was cancelled with a new scheduling order to be issued.

10. Mr. Bjerknes was well aware of the continuance of the Trial date based on the Waiver of Speedy Trial because of the new charge. The waiver was placed on the record at the court appearance.

11. During the course of the approximate six weeks I had represented Mr. Bjerknes, he had been taking more and more responsibility for his actions. We agreed to assist him in getting a psychosexual evaluation. On May 25, 2017, Mr. Bjerknes came to the Twin Cities and met with psychologist Dr. Patrick Cronin and began counseling with him.

12. On May 30, 2017, Mr. Bjerknes was arrested on federal charges initiated by complaint.

13. On May 31, 2017, I appeared in federal court in St. Paul on his behalf.

14. I was appointed through CJA.

15. The government had moved for detention. On Mr. Bjerknes's behalf I requested a detention hearing.

16. On June 5, 2017, a contested detention hearing was held, thereafter it was ordered that Mr. Bjerknes could be placed in a halfway house.

17. I had repeated consultation with Mr. Bjerknes throughout that time in both his state and federal cases. I attach as an exhibit an email from my office administrator noting a voicemail from Mr. Bjerknes advising he did not need me to visit him in the Sherburne County Jail (See Exh. 2).

18. On June 12, 2017, after discussion with the U.S. Attorney regarding an extension of time to file an indictment, I met with Mr. Bjerknes and discussed this proposal with him. We discussed the potential benefit of ongoing counseling from Dr. Cronin for his mental health and also for his demonstration of acceptance of responsibility. Mr. Bjerknes was fully in favor of an extension of time to file an indictment and executed the joint motion to do so knowing that the government would be given an additional sixty days to file the indictment (See Exh. 3).

19. By late June, Mr. Bjerknes was moved to a halfway house in the Twin Cities. We continued regular contact while he was there.

20. On August 7, 2017, based on representations by the government that they were about to produce discovery and propose a plea agreement, we agreed to extend the indictment for another thirty days. I discussed that in a phone call with Mr. Bjerknes on August 7, 2017. He agreed to an extension for another thirty days understanding that we would hope to reach a plea agreement within that time.

21. On August 8, 2017, the Assistant US Attorney provided discovery to me. A protective order was in place precluding me from leaving the discovery with Mr. Bjerknes.

22. Mr. Bjerknes was able to come to my office and review discovery at will. He did so.

23. On August 11, 2017, the Assistant US Attorney provided me with a proposed plea agreement with a deadline of August 31st to respond. Otherwise charges of Production and Distribution of Child Pornography would be added (See Exh. 4). I had numerous discussions with Mr. Bjerknes about the plea agreement, the sentencing guidelines, downward departure motions and the overall process. We then attempted to negotiate a global resolution of his charges in state and federal court. That was done expeditiously.

24. On September 6, 2017, I received a revised plea agreement from the Assistant US Attorney (See Exh. 5). This agreement acknowledged the joint resolution I had negotiated with the County Attorney in Beltrami County.

25. Based on this, a global resolution was reached. Mr. Bjerknes then entered pleas in federal court and state court. Through the next many months of presentencing investigations and sentencing, the matter was resolved.

26. Throughout my representing of Mr. Bjerknes, I kept him apprised of the status of his matters in state and federal court. He was fully aware and agreeable to the withdrawal of our speedy trial motion in Beltrami County and a willing participant in the

motions for extensions of time to file an indictment. I shared discovery with him when it became available to me.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Dated: May 23, 2019.

_____
Peter B. Wold

Subscribed and sworn to before me
This 23 day of May, 2019.

_____

KATHERINE S. MORRIS
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2020